Good morning, Your Honors. My name is Karla Kieskela, I'm appearing for Marco Martinez-Seren. As you know, this is an asylum case, and Mr. Martinez-Seren is seeking, and was awarded by the immigration judge, asylum on the basis of his membership in a particular social group. That group being Marco and his sister Kenia, who reported a crime to the police. His sister was 14 years old, living with only Marco. He was in Loco Parentis, and she was harassed by gangsters in Honduras, and a particular gang leader wanted a relationship with her. And when she rebuffed him, he attempted to rape her. And she ran home. Her brother with her took her to the police station to report the crime. As a result, within a matter of hours, he was brutally assaulted by these gang members, including that leader, beaten brutally, and lost the hearing in one year as a result of it. He and his sister went into hiding. We are saying that their particular social group is the family of Marco and Kenia, who reported criminal activity as victims, as a victim and a family member, to the police. One problem in this case is that the social group seems to keep morphing, both from the point of view of the petitioner, but also from the point of view of the BIA. Because at some point it seemed to be articulated by the petitioner more broadly as the family in general, not just the two of them. But the BIA, in its opinion, seemed to ignore the family connection altogether and just talk about people who were brought into the police. So which matters, and does it matter that the BIA seem to ignore the family connection? Yes, Your Honor. And I think that that's incorrect because the family connection, and I may note that a particular social group does not have to have any given number. Two people may form it. And there's a long history of family being recognized as a particular social group. And Marco would not have reported to the police and would not have been targeted had he not been a family member to this young girl. And essentially in charge of her. So they went to the police. I'd like to dispense with a couple of issues that the government has raised, and that is that they've raised a number of cases where a particular social group was not found when people were resisting gang membership. And this is not the case here. He did resist gang membership, but that is not what led to his persecution. That is not his particular social group. The other issue is that he was not a general informant. There's a case that was raised where a particular social group was not found for people who informed to the police. In this particular case, this was a victim of a crime and a family member who sought the protection of the police. And they did not obtain it. Now I'd like to raise the... I suppose the question, I don't know if anyone addressed that question, but was he attacked and beaten up because he was a member of his small family? Or was he attacked and beaten up because he had reported a crime to the police, and the perpetrator decided to beat him up for that? I would guess that it's for both reasons, actually, because the family connection is shown by the fact that the gangsters went through the neighborhood asking for Marco and Kenia, asking for that family. But they were the two people who were involved in the incident. So if he hadn't been her brother but her friend, what evidence is there would have made a difference? There is not. However, I would submit that because of their particular relationship, the two of them were living alone. He was in loco parentis to her. And because of that relationship, he took her to the police to report the crime. So he would have been beaten up even if she had gone to the police alone? I'm sorry? He would have been beaten up then, in your view, even if she had gone to the police alone? I can only speculate, but I would certainly guess so, because when the gangsters were out looking for them, they beat another relative. They beat another sister's husband. That's why I'm a little confused about why you're focusing on the two-person family rather than on the larger family, which seems like a more fruitful place to go. That may be true. That may be true. However, I think that focusing on the two of them does not limit his remedy. I mean, I think that the two of them are the ones who fled, who were most immediately at  his, as far as I know, his other sister is still there, and it's her relationship's remote enough. And if I may, I'd also like to address the social visibility element. I'm already kind of stuck on that one, since there are a couple of opinions in this court that have accepted it. That's true. That's true. I think that I would request that you reconsider, because I think it's beginning in 2006. It's a departure from established precedent from 1985. But we as a three-judge panel cannot do that. Let me ask you a question about the family issue. What is your understanding at this point of the state of the law in this circuit about family as a social group? We had Thomas. Thomas went to the Supreme Court. I guess our opinion was vacated in Thomas, I think, and then went back to the BIA. As far as I can tell, nothing ever happened to Thomas again. I tried to find it. So where are we right now on family as a social group? I think that if family is the basis of the case law, what is the governing precedent now, or is there any in the Ninth Circuit, on family as a social group? I think it's a little unclear, to tell you the truth. I think that if we look at the history, there is a long string of cases where family has been recognized as a particular social group. Where it is now, I'm not quite sure. I'd like to ask you some questions from another perspective. If you look at this in terms of political opinion, you're looking at the persecutor. What is the political opinion of the persecutor? In this case, M13. And they see your client as a challenge to their power. He's reported them to the police. They want vengeance on this political upstart. Now, as I understand it, the IJ recognized that political ground. So you didn't have to appeal it to the BIA. And the BIA took the other position. But I think you've got a perfectly good argument that it was seen by the persecutors as having a political opinion when he challenged them. By reporting the crime. What's that? By reporting the crime, that was considered a challenge. I'm sorry, I can't hear you. What are you saying? By reporting the crime, it was a challenge. That's right, he was challenging them. Right. So that's another line of argument. But didn't the IJ actually rule against your client on that ground? And it was not raised? How does the- You didn't have to raise it. What I'm trying to find out is how does the rules of the immigration court work? With regard, if this were happening from a district court, you wouldn't have to take a cross appeal to raise that issue. You could defend the ruling on an alternative ground as long as you were looking for the same result. Can you do that before the BIA, or would you have had to take a cross appeal on the political opinion ground? I'm not familiar with cross appeal in the- Would you have had to take an appeal? Your client won on the social group ground and lost on the political opinion ground before the IJ, is that right? That's right. Right. If he had wanted to challenge the political opinion denial, what would he have had to do? It should have been appealed. Meaning he would have had a separate appeal. He couldn't simply, in his brief. No, no, he could raise the issue in his brief. He could have, he didn't have to take a separate appeal. And you can list as many grounds as you wish. And one of the grounds could have been the IJ was wrong about the political opinion ruling, and he should have appealed it. And he wouldn't have had to take a separate appeal. That's true. Okay. That's true. We're out of time, and if you would like to have an extra minute or two, I'll give it to you. But you should, I mean, in rebuttal. But- Thank you. Please sit down now. Thank you. Thank you. Good morning. May it please the court, William Minnick, representing the respondent. The board found that the group at issue in this case lacked social visibility, and thus that is the only issue before the court in this case. The board did a strange thing in a way, because it seems to me that the argument of the petitioner to the board was that the group was the family, essentially. And the board sort of recharacterized it as the group with people who report gang crimes to the police. Was the board entitled to change the argument that way? Well, Your Honor, I think the way the group was defined in this case in the first place, it was sort of a combination of several things. It involved reporting the crime to the police. It involved that the victim was a family member. So there are a couple of component parts to this case. And the board admittedly focused the most on the reporting the crime to the police aspect. But in doing so, it said that it was relying on matter of SEG and matter of EAG. Those cases, in turn, discussed family members. And those cases both stand for the proposition that youths who resist gang recruitment are not a particular social group. But if you actually read those cases, the claims that were raised in those cases were that their family members were being threatened because they were resisting gang recruitment. The gang members in those cases had threatened the sister of SEG, I believe, and in matter of EAG. In reciting the facts, the board notes that family members had made police reports. So, I mean, the shorthand for matter of SEG and EAG, we always say it's gang resistance, is not a particular social group. But you read those cases, the board's actually talking about the particular individuals who were resisting gang recruitment and their families who were threatened. So I think in this case, the board citing to those cases did capture and address the family aspect of this claim. Not very well, would you agree? I mean, those cases are cited for the general proposition of social visibility and not for anything having to do with families. And then when they turn to actually defining the group in this case, they talk about persons who resist gangs. I agree with you. The board did not specifically analyze the family aspect of the claim. And again, I think the best way to think about this group is a component of several different things. And one of them is reporting the crime to the police. And this court has not squarely held that people who report crimes to the police are a social group, but it has held in two published decisions that criminal informants are not a particular social group. And we'd suggest that... Criminal informants, meaning a criminal who informs or somebody who informs about crime? I got the criminal informant from Soriano. And the informant in that case was actually a gang member, as opposed to a citizen who witnessed a gang and provided information. He was actually one of the criminals who, in turn, informed on the police. What is your understanding of the current state of the law about family members as a social group? Both in the BIA and here. I mean, I think it's well settled that a family can constitute a social group. The board said that in 1985 in Acosta. And this court has said that a family is a prototypical example of a social group. So why don't we get a remand to Thomas, then? I've never understood that, if you want to know the truth. Why did we? I'm not sure I know the answer to that, Your Honor. But what Your Honor had asked about the current state of the law in the Ninth Circuit, I think an instructive case to look to, and I apologize, I did not cite this in my brief, but it's a 2004 case from this court. It's Lynn v. Ashcroft, 377 F. 3rd, 1014. And I think that case is still good law, as far as I know. And the courts in that published opinion sort of ran down the state of the law. It said this court recognizes the family as a social group, but does not automatically confer social group status on the family. And the test that the court carved out in Lynn was that in practice, this is at 1029, in practice where family membership is the proposed particular social group supporting a claim of refugee status, that prong of the test melds with the on-account-of prong. And if you apply that test here, you essentially look at the record and try and make a determination of was Petitioner really assaulted because he was a member of a family. Your nobly sent letter points out, nobly because it's nice to have a letter which admits a mistake. There was some evidence that other members of the family were also, and other members of the family. That's correct, Your Honor. And I apologize for mistakenly omitting that from my brief. As far as the brother-in-law, and as the court remembers, after Petitioner left Honduras, within the next year, these same gang members were looking for him. They found Petitioner's brother-in-law and assaulted him. As far as... You suggest that even if he hadn't reported this, he could well have been assaulted. Even if he hadn't... Well, no, that's not right. Well, if his sister had reported, for example, and he hadn't, that doesn't seem to be... It seems that they are after family people. I think, Your Honor, even though his brother-in-law was assaulted, what he can't get past in this case is the direct testimony in the record that they told him they were assaulting him because he made a police report. He testified to that four separate times, over three pages in the record, each time he specifically said, they told me they were assaulting me because he made the police report. And in light of that testimony, when you read his testimony, you just get the impression that if the victim were a friend or a neighbor, the result would have been the same, because what the gang members really cared about was that he made a police report, not that he was related to the victim. And we know that because... That then leads to Judge Noonan's question, which is why isn't this a persecution because of political opinion? Well, the immigration judge denied his political opinion claim and cited Elias Zacharias. It's very hard for me to tell what the immigration judge did. He granted asylum on what ground? The immigration judge found there to be a particular social group and granted asylum on that basis and denied it. The BIA did address the political opinion sort of in a sense that it's not a ground. As I understand it, we have discretion to consider an issue that was not raised in the petitioner's brief. We have discretion if it's manifestly unjust to ignore it or if the government would not be prejudiced by considering it. And what prejudice is there if we send this back to the BIA to address political opinion? Because a perfectly good case can be made.  A perfectly good case can be made that this was an act that was perceived by the persecutors as political challenge and they were out to squelch it. Why would you object to that? Have the BIA consider it? We'd rely on two things, Your Honor. First... Why would you object to it? Don't you want a thorough examination of the issue? You're not here just to win the case, are you? Well, the government wins the case when justice is served, Your Honor. That's what I would think. And isn't there a political opinion here that was suppressed by the persecutors? Your Honor, the immigration judge found that the issue was controlled by... No, no, no. It's the BIA that would address it. It's the BIA that would be reversing and sending it back to them to take another look. He had an opportunity to have that looked at by the BIA. Well, I know, but we have the opportunity to say, go back and look at it thoroughly. The BIA did not look at it thoroughly. I think I would disagree with that because the BIA looked at what the parties asked it to. Well, they dealt with it, but they didn't just brush it off. Well, I mean, it's controlled by Elias Zacharias, so that was an appropriate... That's all you say, but that isn't what the BIA said. Yes, sir. But I don't understand the government, which I assume is an interest in justice. Yes, sir. Finding obstacles to a case. I think anybody who reads this thinks this is a sympathetic case. He came to the defense of his sister. Well, we don't give asylum on that basis, but we do give asylum if there's a dominant political group that is out to suppress challenges to its power, and I think that's what happened here. The position of the government before the immigration judge was that reporting a crime would not be a political act, wasn't it? I'm sure that was true, Your Honor, yes. Since it wasn't raised, I guess you don't have an argument on that point, but it seems to me that one of the questions that's being asked of you is, well, is the government opposed to the position that reporting a crime is a political act, reporting a gang crime? I mean, I believe that it's been found not to be a political act. The immigration judge cited it as separate. Well, that isn't the point. You don't look at it from the point of view of the persecuted, but from the persecutor's view of it. This gang was a criminal gang. It wasn't a political group that was carrying out crimes. It was just a criminal gang. Is that right? That's correct, Your Honor. It was MS-13, the MS-13 gang. Okay. Anything else you need to tell us is really important? No. I would simply ask the Court to deny the petition. Thank you. Thank you very much. I'll give you a minute. I think I went a minute over. Thank you. Thank you. I'd just like to reply to a couple of things. Excuse me. I'd like to again make clear that the police report was to seek protection and redress. I'm sorry, I didn't hear that at all. Oh, I'm sorry. The police report that was made was to seek protection and redress of his sister's victimization. It's distinguishable from the cases where there are informants to the police. It's not the same situation at all. They were seeking protection. And then with regard to the gangs as a political force, the police in the testimony, the police expressed fear of the gangs. They do control and expressed that they were concerned about the control. And it is an issue of control. And I believe that the record reflected that. Okay. Thank you very much. Thank you to both counsel. It's an interesting case. And the case of Martina Seren versus Holder is submitted.
judges: Canby, Noonan, Berzon